IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JASON ALLEN RUDY,**

                **Plaintiff,**

      **v.**                                              **CASE NO. 18-3194-SAC**

**VAN Z. HAMPTON, et al.,**

                **Defendants.**

**NOTICE AND MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The financial materials submitted by plaintiff reflect one month. During that time, plaintiff had deposits of $202.00, and a

balance of $2.66. The Court therefore has calculated the initial partial filing fee as $40.00, twenty percent of the deposit, rounded to the lower half dollar.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not

accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Discussion

The Court has examined the complaint and has identified the following deficiencies. First, although the complaint names fifteen defendants, the complaint fails to identify any specific conduct by most of these defendants and fails to provide a clear statement of

how these persons violated plaintiff's federal rights or how plaintiff was injured as a result. Plaintiff will be directed to submit an amended complaint to clarify his claims.

Second, plaintiff's claim against Judge Hampton is subject to dismissal on the ground of judicial immunity. A state judge is entitled to absolute immunity from liability under § 1983 except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Plaintiff challenges decisions by this defendant, but he has not alleged any facts to suggest that the defendant acted in the absence of jurisdiction.

Likewise, Terry Malone, an attorney, is named as a defendant but the complaint provides no specific allegations concerning his conduct. It is settled in the Tenth Circuit that "'private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.'" *Anderson v. Kitchen*, 389 Fed. Appx. 838, 84 (10th Cir. 2010)(quoting *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)). At this point, it does not appear that plaintiff has stated a claim against this defendant.

Third, plaintiff's claim against Ford County is subject to dismissal because plaintiff does not identify any county policy or custom that violated his federal rights. To hold a county liable under §1983, a plaintiff must establish both (1) the existence of a policy or custom through which the plaintiff's protected rights were violated and (2) that the policy or custom was the moving force, or direct causal link, that caused the violation. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). This requirement "distinguishes the 'acts of the municipality from acts of employees of the municipality, and

thereby make[s] clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Next, plaintiff's request for the dismissal of two state criminal actions is not cognizable in a civil rights action and must be presented in a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). If plaintiff intends to challenge the validity of his state court convictions or sentences, he must first present his claims to the state courts, including the state appellate courts, and then in a federal petition for habeas corpus. *See Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012)("[T]he [exhaustion] doctrine requires state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" (original brackets and quotation marks omitted)).

### Motion to appoint counsel

Plaintiff moves for the appointment of counsel (Doc. # 3). There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit

to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 20016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). A court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court has considered the record and declines to appoint counsel. At this point, the Court cannot say that plaintiff has identified claims that warrant the appointment of counsel. The Court will deny the motion but will reconsider this request upon plaintiff's filing of an amended complaint.

### Order to File Amended Complaint

In order to proceed in this matter, plaintiff must file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) states that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). In addition, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended

complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the amended complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff also must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **November 23, 2018,** plaintiff shall submit an initial partial filing fee of $40.00 to the clerk of the court. Collection action shall continue under 28 U.S.C. §1915(b)(2) until plaintiff satisfies the $350.00 filing fee

IT IS FURTHER ORDERED that on or before **November 23, 2018,** plaintiff shall file an amended complaint that addresses the deficiencies described in this order. The Clerk of the Court shall transmit a form pleading to the plaintiff. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. #3) is denied.

**IT IS SO ORDERED.**

DATED:  This 23rd day of October, 2018, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge