IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALLEN RUDY,

    Plaintiff,

v.                  Case No. 18-3194-HLT

ANDY THAYER, et al.

    Defendants.

## **ORDER**

  Plaintiff brings this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the Ford County Jail. He has filed this action alleging that defendant officers used excessive force and acted in deliberate indifference to plaintiff's medical needs during an arrest, causing plaintiff to experience a head injury.[1] This matter is before the court on plaintiff's fourth request to appoint counsel (ECF No. 27).[2]

  In civil actions such as this one, there is no constitutional right to appointed counsel.[3] The decision whether to appoint counsel in a civil matter lies in the discretion of the district

---

[1] *See* ECF No. 20.

[2] Plaintiff previously filed a motion for appointment of counsel (ECF No. 3), which the court denied without prejudice (ECF No. 4). Plaintiff subsequently filed a motion for reconsideration (ECF No. 12), which the court denied (ECF No. 16). Most recently, plaintiff again requested the court to reconsider appointing counsel (ECF No. 22), which the court declined (ECF No. 23).

[3] *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

1

court.[4] In deciding whether to appoint counsel, the court must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[5] "The burden is on the [prisoner] to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6] It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[7]

Plaintiff requests counsel to help him with the legal terms and procedures required for civil litigation. He asserts that he has limited access to records and other resources due to his incarceration and that he requires his own counsel to litigate against defendants. Plaintiff cannot afford to pay an attorney and has tried unsuccessfully to retain counsel. Plaintiff asserts that he is nearing his limit on correspondence to search for counsel on his own.

The court has considered the instant motion and concludes that this is not a case in which appointment of counsel is justified at this juncture. First, it is still not clear based on the present record that plaintiff's claims have merit. Second, the factual and legal issues

---

[4] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[5] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

[6] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill*, 393 F.3d at 1115).

[7] *Steffey*, 461 F.3d at 1223 (modifications in original) (quoting *Rucks*, 57 F.3d at 979).

2

in the case are not complex.  The court has no doubt that the presiding U.S. District Judge, Holly L. Teeter, will have little trouble discerning the applicable law.  Third, plaintiff has continued to demonstrate the ability to investigate his claims and meet the requirements of the court.  Finally, his filings continue to be cogent and factually detailed.  While the court recognizes plaintiff's diligence in attempting to secure an attorney (*see* ECF No. 29), on balance he has not shown that the court should appoint counsel at this stage.  However, if the case survives the motion to dismiss stage, plaintiff is given leave to file another motion for appointment of counsel if it becomes apparent that appointed counsel is necessary at that time.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order by the presiding U.S. district judge.  Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order.  If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS THEREFORE ORDERED that plaintiff's motion to appoint counsel is denied without prejudice.

A copy of this order shall be mailed to plaintiff via regular and certified mail.

Dated May 6, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge