IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALLEN RUDY,

          Plaintiff,

v.

ANDY THAYER, et al.

          Defendants.

Case No. 18-3194-HLT

## ORDER

Plaintiff, an inmate at the Ford County Jail, brings this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. He alleges the defendant officers used excessive force and acted in deliberate indifference to his medical needs during an arrest, causing him to experience a head injury.[1] Defendants have filed a motion for an order directing non-party medical personnel to produce plaintiff's medical records (ECF No. 41). The motion is unsupported and therefore denied.

First, the court knows of no authority that would authorize it to *order* a non-party to produce documents absent significant prior steps taken to obtain such discovery through the channels provided by the Federal Rules of Civil Procedure (e.g., Rule 45 governing non-party subpoenas). Although the court occasionally issues orders *authorizing* medical personnel to produce a party's medical records, it is inappropriate to *require* such action as a first step. Rather, the proper procedure for obtaining documents from non-parties is to

---

[1] *See* ECF No. 20.

1

first serve them with a subpoena pursuant to Rule 45. After the individual or entity served objects or fails to comply with the subpoena, the party seeking production may move for an order to compel.[2] Only then will the undersigned U.S. Magistrate Judge consider ordering non-parties to produce documents. Non-parties have a right to have their objections, if any, heard by the court before being required to produce documents. Defendants' proposed order would essentially allow them to bypass the procedures and protections afforded by Rule 45.

Second, to the extent the motion implicitly seeks an order compelling plaintiff to execute a medical authorization, defendants haven't filed a supporting brief citing authority for the proposition that the court may compel such an execution. As a practical matter, even if defendants were to show the court has such authority, the undersigned would be wary of granting such a motion without defendants having first demonstrated that their outstanding written discovery requests and subpoena (see ECF Nos. 38 and 39) won't result in production of the information they seek.

IT IS THEREFORE ORDERED that defendants' motion for order is denied.

A copy of this order shall be mailed to plaintiff via regular mail.

Dated June 7, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[2] *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 3756591, at *4 (D. Kan. July 15, 2013).